```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,        :      INDICTMENT

           - v. -                :      S1 07 Cr. 348 (RJP)

RAVEENDRA PUTTARAMU,             :
LOKESH BHAT,
                                 :
           Defendants.
- - - - - - - - - - - - - - - - x
```

COUNT ONE

(Conspiracy)

The Grand Jury charges:

1.   From at least on or about January 1, 2006, up to and including in or about April 2007, in the Southern District of New York and elsewhere, RAVEENDRA PUTTARAMU and LOKESH BHAT, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 641, and Title 7, United States Code, Section 2024(b)(1).

2.   It was a part and an object of the conspiracy that RAVEENDRA PUTTARAMU and LOKESH BHAT, the defendants, and others known and unknown, unlawfully, willfully and knowingly, would and did use, transfer, acquire, alter, and possess coupons, authorization cards, and access devices of a value of $5,000 and more in a manner contrary to law, in violation of Title 7, United States Code, Section 2024.

3. It was further a part and an object of the conspiracy that RAVEENDRA PUTTARAMU and LOKESH BHAT, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, would and did embezzle, steal, purloin, and convert to their own use and the use of another, and without authority, did sell, convey and dispose of a record, voucher, money and thing of value of the United States and a department and agency thereof, to wit, the Department of Agriculture, Food and Nutrition Service ("FNS"), the value of which exceeded $1,000, in violation of Title 18, United States Code, Section 641.

## OVERT ACTS

4. In furtherance of the conspiracy and to effect the illegal objects thereof, the defendants committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about October 24, 2006, RAVEENDRA PUTTARAMU, the defendant, while working at Akhila, agreed with a cooperating witness ("CW-1") to provide CW-1 with cash in exchange for food stamp benefits. PUTTARAMU used the Electronic Benefits Card ("EBT") card reader installed at Akhila to register $100 in benefits when CW-1 only purchased approximately $3.00 or less in food. PUTTARAMU then provided approximately $70 in cash to CW-1.

  b. On or about November 16, 2006, RAVEENDRA PUTTARAMU, the defendant, while working at Akhila, agreed with a cooeprating witness ("CW-2") to provide CW-2 with cash in exchange for food stamp benefits. PUTTARAMU used the EBT card reader installed at Akhila to register approximately $150.19 in benefits when CW-2 only purchased approximately $3.00 or less in food. PUTTARAMU then provided approximately $105 in cash to CW-2.

  c. On or about January 23, 2007, RAVEENDRA PUTTARAMU, the defendant, while working at Akhila, agreed with CW-2 to provide CW-2 with cash in exchange for food stamp benefits. PUTTARAMU used the EBT card reader installed at Akhila to register approximately $151.78 in benefits when CW-2 did not purchase any food. PUTTARAMU then provided approximately $106 in cash to CW-2.

  d. On or about January 12, 2007, LOKESH BHAT, the defendant, while working at Akhila, agreed with CW-1 to provide CW-1 with cash in exchange for food stamp benefits. BHAT used the EBT card reader installed at Akhila to register $75.09 in benefits when CW-1 only purchased approximately $8.57 or less in food. BHAT then provided approximately $52 in cash to CW-1.

  e. On or about March 15, 2007, LOKESH BHAT, the defendant, while working at Akhila, agreed with CW-2 to provide CW-2 with cash in exchange for food stamp benefits. BHAT used

-3-

the EBT card reader installed at Akhila to register $103.09 in benefits when CW-1 only purchased approximately $3.90 or less in food. BHAT then provided approximately $70 in cash to CW-1.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Food Stamp Fraud)

The Grand Jury further charges:

5. From at least on or about January 1, 2006, up to and including in or about April 2007, in the Southern District of New York and elsewhere, RAVEENDRA PUTTARAMU and LOKESH BHAT, the defendants, unlawfully, intentionally and knowingly did use, transfer, acquire, alter, and possess coupons, authorization cards, and access devices of a value of $5,000 and more in a manner contrary to law, to wit, PUTTARAMU and BHAT exchanged customers' food stamp benefits for cash at Akhila, Inc., 2489 7th Avenue, New York, New York, 10030, in exchange for a share of the cash proceeds.

(Title 7, United States Code, Section 2024(b)(1); Title 7, United
 States Code Section 2016; Title 7, Code of Federal Regulations,
   Section 278.2., and Title 18, United States Code, Section 2)

## COUNT THREE

(Conversion of Public Money, Property, or Records)

The Grand Jury further charges:

6. From at least on or about January 1, 2006, up to and including in or about April 2007, in the Southern District of

-4-

New York and elsewhere, RAVEENDRA PUTTARAMU and LOKESH BHAT, the defendants, unlawfully, intentionally and knowingly did embezzle, steal, purloin, and convert to their use and the use of another, and without authority, did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, to wit, the United States Department of Agriculture, to wit, PUTTARAMU and BHAT exchanged customers' food stamp benefits, the value of which exceeded $5,000, at Akhila, Inc., 2489 7th Avenue, New York, New York, 10030, in exchange for a share of the cash proceeds.

(Title 18, United States Code, Sections 641 & 2.)

## FORFEITURE ALLEGATIONS

7.   As a result of committing the conspiracy offense alleged in Count One of this Indictment, in violation of 18 U.S.C. § 371, RAVEENDRA PUTTARAMU and LOKESH BHAT, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property traceable to such property, and pursuant to 7 U.S.C. § 2024(h), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of the food stamp fraud violation, and all proceeds traceable to such violation.

8. As a result of committing the food stamp offenses alleged in Count Two of this Indictment, in violation of 7 U.S.C. § 2024(b)(1), RAVEENDRA PUTTARAMU and LOKESH BHAT, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property traceable to such property, and pursuant to 7 U.S.C. § 2024(h), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of the food stamp fraud violation, and all proceeds traceable to such violation.

9. As a result of committing the public conversion offenses alleged in Count Three of this Indictment, in violation of 18 U.S.C. § 641, RAVEENDRA PUTTARAMU and LOKESH BHAT, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property traceable to such property.

<u>Substitute Assets Provision</u>

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 641 & 981; Title 21, United States Code, Section 853(p); Title 7, United States Code, Section 2024; and Title 28, United States Code, Section 2461.)

_____  
Foreperson

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

RAVEENDRA PUTTARAMU,
LOKESH BHAT,

Defendants.

---

<u>INDICTMENT</u>

S1 07 Cr.348 (RJP)

(18 U.S.C. §§ 371; 7 U.S.C. §§ 2024(b)(1)
& 2016, 7 C.F.R § 278.2., 18 U.S.C. § 2;
18 U.S.C. §§ 641, 2)

<u>MICHAEL J. GARCIA</u>
United States Attorney.

A TRUE BILL

_____
Foreperson.

7/12/07 Filed Indictment
s/ Mag. J. Katz