**DANIEL NOBEL**  401 Broadway, 25th Floor
Attorney at Law  New York, NY 10013

*Telephone: (212) 219-2870*
*Fax:        (212) 219-9255*
*E-mail:     dannobelesq@aol.com*

May 7, 2008

Honorable Robert P. Patterson
Senior United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

By ECF

Re: <u>United States v. Lokesh Bhat</u>
S2 07 Cr. 348-02 (RPP)

Dear Judge Patterson:

    Lokesh Bhat will appear before your Honor on May 9, 2008 for sentencing following his plea of guilty to a single count of conspiracy to commit food stamp fraud in violation of 18 U.S.C. § 371. The recommended Guideline range of 24 to 30 months is driven by the amount of food stamps that were to be redeemed at the Akhila market in which Mr. Bhat had purchased a partnership interest from Srinivas Kasi, a close relative and codefendant. (PSR ¶¶ 35, 41 – 52, 84).[1]

    Prior to defendant's involvement in Akhila, Mr. Kasi had established a program of the illegal redemption of food stamps for cash payments equivalent to a portion of the face value of the stamps. Kasi's employee, codefendant Raveendra Puttaramu, and then Mr. Bhat became embroiled in the scheme that Kasi had concocted. (PSR ¶¶ 16 - 35). Throughout the course of the conspiracy Kasi maintained tight financial control over the scheme and over the assets derived from the scheme. (PSR ¶ 31). Bhat was never in control of the store's finances nor did he have access to the bank accounts into which the proceeds of the criminal activity were deposited. (PSR ¶ 32). Mr. Bhat does not challenge the factual description of the conspiracy nor of his role as they are presented in the PSR. However, it is contended here that consideration of the sentencing factors of 18 U.S.C. § 3553(a) justifies a sentence other than incarceration.[2]

    The overarching mandate of 18 U.S.C. § 3553(a)(1) is for consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant." The circumstances of this case support the sentencing application that is made here. Lokesh Bhat is a

---

[1] "PSR" refers to the Presentence Report.

[2] Such consideration is permitted under the plea agreement. (PSR § 10(vii)).

Honorable Robert P. Patterson
May 7, 2008
Page 2


43 year old, married, father of a seven year old son. (PSR ¶ 64). He is a naturalized United States citizen who was born into a stable and financially secure military family in India. (PSR ¶¶ 62 – 63). Bhat had long maintained a modest but securely middle class career as the manager of a copy shop in lower Manhattan. (PSR ¶ 82). This career was abruptly interrupted when the store was closed following the attacks of the World Trade Center on September 11, 2001. Bhat ultimately sought to reinvigorate his financial situation when he yielded to family advice that he invest in Akhila, which was owned by Kasi, the respected (within the family) husband of Bhat's aunt. Bhat was encouraged to invest not only liquid assets, but also the accrued equity in his home and his 401k plan, as well as funds derived from accessing the credit limit on his credit cards. Having gone "all in" on this commitment, Bhat yielded to the perceived necessity of joining and perpetuating the criminal food stamp scheme that he found Kasi to have instituted as a means of sustaining the business in which Bhat had purchased his nominal partnership interest. Bhat's prior history, and the circumstances of the criminal conspiracy that he joined, both support the contention that but for Kasi, Lokesh Bhat would not have either conceived of or participated in any criminal activity. His entire life history up to sinking his life savings into Kasi's business was that of a law abiding member of the community who was content to achieve incremental increases in his assets through savings and the investment into the home he shared with his family. Bhat never controlled the assets of the criminal conspiracy. His gain, although concededly attributable to criminal activity, was principally limited to receiving a salary that was not in excess of what might be reasonably consistent with the running of an honest grocery store of the type that Akhila purported to be.

   The totality of the circumstances of Mr. Bhat's involvement in the charged crime do show that, while his role was not a minor one, his involvement arose out a chain of circumstances other than a conscious predisposition to seek out and engage in criminal activity. These individual characteristics and aspects of his role in the offense impact on the other section 3553(a) criteria. The generalized sentencing requirements of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and achieving deterrence are met by a less punitive sentence than would be appropriate for a person who affirmatively chose to eschew the opportunity to earn an honest living but instead elected to achieve greater wealth through less arduous criminal means. The critical sentencing need of providing protection to the public from future criminal conduct does not require a prison sentence for Mr Bhat. His criminal conduct arose from a succinct and unique set of circumstances that is highly unlikely to be repeated. There is no evidence that he either attempted to engage in criminal conduct before the instant activity, or that he has any inclination or ability to do so in the future. Incarceration in this case would, in so far as public safety and welfare are concerned, be superfluous in that the defendant has already reverted to a law abiding life.

Honorable Robert P. Patterson
May 7, 2008
Page 3

      Mr. Bhat has a long history of gainful, lawful employment. Whatever educational services in the form of additional training would benefit him in the future could be more effectively and economically provided while he is living within the community and caring for his family. Of the sentencing choices available to this Court, sentences other than incarceration with appropriate requirements for restitution, the maintenance of employment and submission to court ordered supervision, represent the most effective means to insure not only public safety but to enable Mr. Bhat to restore some portion of the monetary loss that he caused the government to incur.

      Because the Guideline range is completely derived from the financial loss caused by activity that Mr. Bhat did not design, and the gain from which was substantially out of his control, consideration of a suitably punitive alternative to incarceration does no violence to the underlying principals of the advisory Guideline regime. Mr Bhat can be subjected to a period of house arrest, probation and restitution which in combination would deter any rational individual who might be tempted to join into similar conduct. The sentence to be imposed on Mr. Kasi would presumably deter those who would design and initiate such a plan.

      It is recommended that Mr. Bhat be sentenced to a period of home arrest, followed by a term of community service and probation with a requirement that he make such restitution as his current employment reasonably permits.

                                                    Respectfully submitted

                                                    /s/

                                                    Daniel Nobel

cc:  AUSA Sharon E. Frase
     (by ECF and e-mail attachment)